cc: order, docket, remand letter
to Riverside Superior Court, No. RIC 10018268

O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH BEAR GAMBOA, | ) Case No. EDCV 10-01471 DDP (MANx) |
| Plaintiff, | ) |
| | ) **ORDER GRANTING PLAINTIFF'S MOTION** |
| v. | ) **TO REMAND** |
| | ) |
| SUNTRSUT MORTGAGE INC., a | ) |
| Virginia corporation; | ) |
| FEDERAL HOME LOAN MORTGAGE | ) |
| CORPORATION, a Government | ) |
| Sponsored Enterprise; MTC | ) |
| FINANCIAL INC., a California | ) [Motion filed on 02-14-11] |
| corporation, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Presently before the court is Plaintiff's Motion to Remand. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

On September 14, 2010, Plaintiff filed a civil complaint against Defendants in Riverside County Superior Court, alleging several state causes of action as well as violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 601, et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2600 et seq. (Notice of Removal, Dkt. No. 1). Defendant MTC Financial Inc.

1  removed to this court on September 27, 2010.  Plaintiff then filed
2  a First Amended Complaint, removing all references to federal
3  causes of action.  (Dkt. No. 28).  Plaintiff now moves to remand to
4  state court.
5       This court analyzes the propriety of removal on the basis of
6  the pleadings at the time of removal.  Sparta Surgical Corp. v.
7  Nat'l Association of Securities Dealers; 159 F.3d 1209, 1213 (9th
8  Cir. 1998).  A plaintiff, therefore, cannot "compel remand by
9  amending a complaint to eliminate the federal question upon which
10 removal was based."  Id.  However, "[o]nce the basis for removal
11 jurisdiction is dropped from the proceedings, a federal court,
12 although possessing the power to hear the remaining state claims,
13 is not obliged to exercise that power.  Price v. PSA, Inc., 829
14 F.2d 871 (9th Cir. 1987).  In such cases, "the district court has
15 discretion to remand the rest of the action to the state court from
16 which it is removed."  Id. [I]t is generally preferable for a
17 district court to remand remaining pendent claims to state court."
18 Harrell v. 20th Century Ins. Co., 934,F.2d 203, 205 (9th Cir.
19 1991).  This is particularly so when the balance of judicial
20 economy, convenience, fairness, and comity indicates that a case
21 belongs in state court, "as when the federal-law claims have
22 dropped out of the lawsuit in its early stages and only state-law
23 claims remain."  Carnegie-Mellon University v. Cohill, 484 U.S.
24 343, 350 (1988).
25
26 ///
27 ///
28 ///

1  Accordingly, this court declines to exercise pendent
2 jurisdiction over Plaintiff's remaining state law claims.
3 Plaintiff's Motion to Remand is therefore, GRANTED.  Defendant's
4 Motion to Dismiss Plaintiff's state law claims [docket numbers 30,
5 31 and 33] are VACATED as moot.
6
7 IT IS SO ORDERED.
8
9
10 Dated: August 31, 2011
                                    DEAN D. PREGERSON
11                                  United States District Judge